## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ANTHONY R. MADSEN,

      Plaintiff,

vs.

DEBT RECOVERY SOLUTIONS OF OHIO,

      Defendant.

Case No.: 1:21-cv-1394

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

### INTRODUCTION

1.     Plaintiff ANTHONY R. MADSEN ("Plaintiff") brings the instant class action claims against Defendant DEBT RECOVERY SOLUTIONS OF OHIO ("Defendant") seeking redress for herself and the putative class under the Federal Fair Debt Collection Practices Act ("FDCPA"), which was enacted to "eliminate abusive debt collection practices by debt collectors." *15 U.S.C. 1692(e).* Defendant conducts its debt collection business in flagrant violation of the FDCPA by systematically and uniformly sending false, deceptive and misleading collection letters to consumer, in violation of their rights guaranteed by 15 U.S.C. § 1692e, 1692e(2)(a), 1692e(5) and 1692e(10).

### JURISDICTION

2.     This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arise under the FDCPA. This court has supplemental jurisdiction over Plaintiff's state law claims contained herein.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District as Plaintiff resides here and Defendant conducts business here.

**PARTIES**

4.       Plaintiff is an adult individual residing in Jeromesville, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), in that the alleged debt that Defendant sought to collect from her was originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5).

5.       Defendant is a corporation with its principal place of business at located in Mansfield, Ohio.  The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect consumer debts alleged to be due to another using the mail and telephone.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**STATEMENT OF FACTS**

**A.       The Account**

6.       At some point prior to 2021, Plaintiff sought and received medical services at Ashland Radiology Group, Inc. and was billed for these services (hereinafter "The Account").  As such, Plaintiff incurred a "debt" arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purpose**,** and, therefore meets the definition of a "debt" under 15 U.S.C. § 1692a(5)

7.       The Account subsequently went into arrears.

8.       Thereafter, Defendant obtained the Account from Ashland Radiology Group, Inc. and attempted to collect the debt owed on the Account from Plaintiff.

**B.       The Unlawful Collection Letter**

9.       On or about March 18, 2021, Defendant sent Plaintiff a collection letter.  A redacted copy of the Letter is annexed hereto and made a part of this Complaint as Exhibit A.

10.       In pertinent part, the letter states:

Re:  Ashland Radiology Group, Inc.

Account Number: 97623

Client Number:  29576

Balance:  $ 1,048.89

…

**Pursuant to Federal Law (PL. 95-109 Subsection 803(2) United States Code 169A(2), this letter will represent our last demand for voluntary payment**.  We have kept a record of all contacts, actual and attempted, made by us (whether by mail, phone and/or verbally) in our efforts to collect this debt.  **If this debt is not resolved soon, your creditor may determine to pursue recovery through legal avenues, as permitted by law.  We strongly suggest that it is in your best interest, and that you will likely save yourself time and money, by paying in full, the amount shown above.**

C.      <u>**The Letter Misleads Plaintiff and Similar Consumers and is Deceptive**</u>

11.     15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

…

(2)The false representation of—

(A) the character, amount, or legal status of any debt; or

(B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

…

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

…

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

…

12.     Defendant's March 18, 2021 letter states "Pursuant to Federal Law (PL. 95-109 Subsection 803(2) United States 169A(2), this letter will represent our last demand for voluntary payment."

13.     This statement gratuitously, needlessly and deliberately employs legal jargon in a non-sensical, confusing, misleading, inaccurate, and/or threatening manner to the least sophisticated consumer.  This sentence purports to cite to the statutory definition of the term "communication" under the FDCPA, which states:  "The term 'communication' means the conveying of information  regarding a debt directly or indirectly to any person through any medium."  Therefore, this sentence employs needless legal surplusage to convey that pursuant to the definition of  "communication", Defendant is tendering its last communication, and its "last demand for  voluntary payment."  This sentence also misstates the citation to the law and is therefore inaccurate, confusing and misleading, as this definition is set forth in 15 U.S.C. § 1692a(2), not § 169a(2) as erroneously set forth in Defendant's letter.

14.     This language implies, and would lead the least sophisticated consumer to believe, that Defendant was sending this letter pursuant to a required legal process.  It also conveys to the least sophisticated consumer that this letter represents Plaintiff's last opportunity for "voluntary payment" of the payment, and implies that if the consumer does not avail himself of this "last opportunity for voluntary payment", then Plaintiff will be subject to involuntary payment of the debt through legal process.

15.     This implication is furthered by Defendant's subsequent statement two sentences later that "if this debt is not resolved soon, your creditor may determine to pursue recovery through legal avenues, as permitted by law."  This language conveys to the least sophisticated consumer that legal action is imminent if payment if the debt is not "resolved soon."

16.     In the very next sentence, Defendant states "We strongly suggest that is in your best interest, and that you will likely save yourself time and money, by paying in full, the amount shown above."  This language implies to to the least sophisticated consumer that disputing the debt is futile and a waste of time, and that paying any amount less than what Defendant demands will result in the account being referred back to the original creditor for legal action.  This language also conveys that if the account is referred back to the original creditor for legal action, Plaintiff will "likely" owe more money than the amount stated in Defendant's letter.

17.     The only way that Plaintiff can "likely" owe more money than the amount demanded by Defendant in its letter is if the amount owed increases over time, which can only occur if Plaintiff owes interest or additional fees on the debt and/or is responsible for the original creditor's attorneys' fees if suit is filed and judgment is taken against Plaintiff.  However, the original creditor is either entitled to recover interest/additional fees or attorneys' fees from Plaintiff, or it is not.

18.     If the Account was actually accruing interest or additional fees and/or Plaintiff would be responsible for the creditor's attorneys' fees, the statement set forth in the above paragraph that Plaintiff "will likely save" himself money by paying in full the amount demanded by Defendant - especially as a result of the use of the word "likely" as opposed to "will" - amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

19.     If, however, the Account was not accruing interest or additional fees and/or Plaintiff would not be responsible for the original creditor's attorneys' fees, the statement set forth in the above paragraph that Plaintiff "will likely save" himself money by paying in full the amount demanded by Defendant - amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

20.     The Letter is an example of form letters, substantially similar to hundreds if not thousands of letters sent to consumers across the country.

## CLASS ACTION ALLEGATIONS

### The Class

21.     Plaintiff brings this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

22.     Plaintiffs seek to represent a class defined as:

> All consumers in the United States who were sent a letter  that
> is identical to or is  substantially  the  same  form  as  the  Letter
> by   or   on  behalf  of  Defendant,  which  seeks  to  collect  an

alleged consumer debt, within one year prior to the filing of this action and which was not returned as undeliverable.

**A.**     **Numerosity**

23.     The Letters are mass-mailed form letters that Defendant sends out to hundreds if not thousands of consumers in the United States. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

24.     Upon information and belief, Defendant sent or caused to be sent hundreds or even thousands of similar deceptive Letters to consumers.

25.     The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

26.     Plaintiff reasonably believes that there are hundreds to thousands of consumers who are members of the class.

**B.**     **Common Questions of Law and Fact**

27.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

28.     The questions of law and fact common to the Class concern whether Defendant's practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates the FDCPA.

29.     The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

a)     Did Defendant's letter violate 15 U.S.C. 1692e, e(2)(a), e(5), e(6), e(10) and e(13)?

**C.**     **Typicality**

30.     Plaintiff's claims are typical of the claims of the class members' since each of the claims arises from receipt of a letter substantially similar to the Letter sent to her by Defendant.

**D.**     **Protecting the Interests of the Class Members**

31.     Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendant's unlawful and wrongful conduct.

32.     All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

33.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the class.

**E.     <u>Proceeding Via Class Action is Superior and Advisable</u>**

34.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

35.     Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

36.     The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

37.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

38.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors.  Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

39.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**F.     <u>Plaintiff and the Putative Class Have Article III Standing</u>**

40.     As a result of Defendant's alleged violations of law by sending these form letters to Plaintiff and other similarly situated California consumers without the requisite disclosures as mandated by the FDCPA, Defendant caused Plaintiff and the putative class members harm and/or

injury such that Article III standing is satisfied in at least the following, if not more, ways:

     a.      Invading Plaintiff's and the putative class' right to be free from false, deceptive and misleading efforts to collect debt;

     b.      Engaging in the unfair business practice of intentionally using false, deceptive and misleading means to collect a debt;

     c.      Impermissibly causing Plaintiff and the putative class confusion as to its obligations and rights in its debt collection communications,

     d.      Causing Plaintiff and the putative class to expend needless time in receiving, researching and attempting to clarify and/or clearly explain inaccurate and misleading information provided by Defendant in its debt collection letter;

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e

(On behalf of Plaintiff and the Class)

     41.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 40.

     42.     15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

     43.     Defendant's March 18, 2021 letter states "Pursuant to Federal Law (PL. 95-109 Subsection 803(2) United States 169A(2), this letter will represent our last demand for voluntary payment."

     44.     This statement gratuitously, needlessly and deliberately employs legal jargon in a non-sensical, confusing, misleading, inaccurate, and/or threatening manner to the least sophisticated consumer.  This sentence purports to cite to the statutory definition of the term "communication" under the FDCPA, which states:  "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium."  Therefore, this sentence employs needless legal surplusage to convey that pursuant to the definition of "communication", Defendant is tendering its last communication, and its "last demand for voluntary payment."  This sentence also misstates the citation to the law and is

inaccurate, as this definition is set forth in 15 U.S.C. § 1692a(2), not § 169a(2) as erroneously set forth in Defendant's letter.

45.     This language implies, and would lead the least sophisticated consumer to believe, that Defendant was sending this letter pursuant to a required legal process.  It also conveys to the least sophisticated consumer that this letter represents Plaintiff's last opportunity for "voluntary payment" of the payment, and implies that if the consumer does not avail himself of this "last opportunity for voluntary payment", then Plaintiff will be subject to involuntary payment of the debt through legal process.

46.     This implication is furthered by Defendant's further statement two sentences later that "if this debt is not resolved soon, your creditor may determine to pursue recovery through legal avenues, as permitted by law".  This language conveys to the least sophisticated consumer that legal action is imminent if payment if the debt is not "resolved soon."

47.     In the very next sentence, Defendant states "We strongly suggest that is in your best interest, and that you will likely save yourself time and money, by paying in full, the amount shown above."  This language implies to the least sophisticated consumer that disputing the debt is futile and a waste of time, and that paying any amount less than what Defendant demands will result in the account being referred back to the original creditor for legal action.  This language also conveys that if the account is referred back to the original creditor for legal action, Plaintiff will "likely" owe more money than the amount stated in Defendant's letter.

48.     The only way that Plaintiff can "likely" owe more money than the amount demanded by Defendant in its letter is if the amount owed increases with the passage of time, which can only occur if Plaintiff owes interest or additional fees on the debt or is responsible for the original creditor's attorneys' fees if suit is filed against Plaintiff.  However, the original creditor is either entitled to recover interest/additional fees or attorneys' fees, or it is not.

49.     If the Account actually was accruing interest or additional fees and Plaintiff would be responsible for the creditor's attorneys' fees, the statement set forth in the above paragraph that Plaintiff "will likely save" himself money by paying in full the amount demanded by Defendant - especially as a result of the use of the word "likely" as opposed to "will" - amounted to a false,

deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e

(On behalf of Plaintiff and the Class)

50.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 50.

51.     15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52.     Defendant's March 18, 2021 letter states "Pursuant to Federal Law (PL. 95-109 Subsection 803(2) United States 169A(2), this letter will represent our last demand for voluntary payment."

53.     This statement gratuitously, needlessly and deliberately employs legal jargon in a non-sensical, confusing, misleading, inaccurate, and/or threatening manner to the least sophisticated consumer.  This sentence purports to cite to the statutory definition of the term "communication" under the FDCPA, which states:  "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium."  Therefore, this sentence employs needless legal surplusage to convey that pursuant to the definition of "communication", Defendant is tendering its last communication, and its "last demand for voluntary payment."  This sentence also misstates the citation to the law and is inaccurate, as this definition is set forth in 15 U.S.C.  § 1692a(2), not § 169a(2) as erroneously set forth in Defendant's letter.

54.     This language implies, and would lead the least sophisticated consumer to believe, that Defendant was sending this letter pursuant to a required legal process.  It also conveys to the least sophisticated consumer that this letter represents Plaintiff's last opportunity for "voluntary payment" of the alleged debt, and implies that if the consumer does not avail himself of this "last

opportunity for voluntary payment", then Plaintiff will be subject to involuntary payment of the debt through legal process.

55.     This implication is furthered by Defendant's further statement two sentences later that "if this debt is not resolved soon, your creditor may determine to pursue recovery through legal avenues, as permitted by law".  This language conveys to the least sophisticated consumer that legal action is imminent if payment if the debt is not "resolved soon."

56.     In the very next sentence, Defendant states "We strongly suggest that is in your best interest, and that you will likely save yourself time and money, by paying in full, the amount shown above."  This language implies to the least sophisticated consumer that disputing the debt is futile and a waste of time, and that paying any amount less than what Defendant demands will result in the account being referred back to the original creditor for legal action.  This language also conveys that if the account is referred back to the original creditor for legal action, Plaintiff will "likely" owe more money than the amount stated in Defendant's letter.

57.     The only way that Plaintiff can "likely" owe more money than the amount demanded by Defendant in its letter is if the amount owed increases with the passage of time, which can only occur if Plaintiff owes interest or additional fees on the debt or is responsible for the original creditor's attorneys' fees if suit is filed against Plaintiff.  However, the original creditor is either entitled to recover interest/additional fees or attorneys' fees, or it is not.

58.     If the Account was not accruing interest or additional fees and Plaintiff is not responsible for the creditor's attorneys' fees, the statement set forth in the above paragraph that Plaintiff "will likely save" himself money by paying in full the amount demanded by Defendant - amounted to a false representation of the character, amount, or legal status of the Account and the compensation which may be lawfully received in connection with the collection of a debt, in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

### COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### §1692e(2)(a)

(On behalf of Plaintiff and the Class)

59.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 58.

60.     15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

… 

(2)The false representation of—

(A) the character, amount, or legal status of any debt; or

(B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

61.     Defendant's March 18, 2021 letter states "Pursuant to Federal Law (PL. 95-109 Subsection 803(2) United States 169A(2), this letter will represent our last demand for voluntary payment."

62.     This statement gratuitously, needlessly and deliberately employs legal jargon in a non-sensical, confusing, misleading, inaccurate, and/or threatening manner to the least sophisticated consumer.  This sentence purports to cite to the statutory definition of the term "communication" under the FDCPA, which states:  "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium."  Therefore, this sentence employs needless legal surplusage to convey that pursuant to the definition of "communication", Defendant is tendering its last communication, and its "last demand for voluntary payment."  This sentence also misstates the citation to the law and is inaccurate, as this definition is set forth in 15 U.S.C.  § 1692a(2), not § 169a(2) as erroneously set forth in Defendant's letter.

63.     This language implies, and would lead the least sophisticated consumer to believe, that Defendant was sending this letter pursuant to a required legal process.  It also conveys to the least sophisticated consumer that this letter represents Plaintiff's last opportunity for "voluntary

payment" of the payment, and implies that if the consumer does not avail himself of this "last opportunity for voluntary payment", then Plaintiff will be subject to involuntary payment of the debt through legal process.

64.    This implication is furthered by Defendant's further statement two sentences later that "if this debt is not resolved soon, your creditor may determine to pursue recovery through legal avenues, as permitted by law".  This language conveys to the least sophisticated consumer that legal action is imminent if payment if the debt is not "resolved soon."

65.    In the very next sentence, Defendant states "We strongly suggest that is in your best interest, and that you will likely save yourself time and money, by paying in full, the amount shown above."  This language implies to the least sophisticated consumer that disputing the debt is futile and a waste of time, and that paying any amount less than what Defendant demands will result in the account being referred back to the original creditor for legal action.  This language also conveys that if the account is referred back to the original creditor for legal action, Plaintiff will "likely" owe more money than the amount stated in Defendant's letter.

66.    The only way that Plaintiff can "likely" owe more money than the amount demanded by Defendant in its letter is if the amount owed increases with the passage of time, which can only occur if Plaintiff owes interest or additional fees on the debt or is responsible for the original creditor's attorneys' fees if suit is filed against Plaintiff.  However, the original creditor is either entitled to recover interest/additional fees or attorneys' fees, or it is not.

67.    If the Account was actually accruing interest or additional fees and/or attorneys' fees, the statement set forth in the above paragraph that Plaintiff "will likely save" himself money by paying in full the amount demanded by Defendant - especially as a result of the use of the word "likely" as opposed to "will" - amounted to a false representation of the character, amount, or legal status of the Account and the compensation which may be lawfully received in connection with the collection of a debt, in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## COUNT IV

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### §1692e(2)(a)

68.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 67.

69.     15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

…

(2)  The false representation of—

(A) the character, amount, or legal status of any debt; or

(B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

70.     Defendant's March 18, 2021 letter states "Pursuant to Federal Law (PL. 95-109 Subsection 803(2) United States 169A(2), this letter will represent our last demand for voluntary payment."

71.     This statement gratuitously, needlessly and deliberately employs legal jargon in a non-sensical, confusing, misleading, inaccurate, and/or threatening manner to the least sophisticated consumer.  This sentence purports to cite to the statutory definition of the term "communication" under the FDCPA, which states:  "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium."  Therefore, this sentence employs needless legal surplusage to convey that pursuant to the definition of "communication", Defendant is tendering its last communication, and its "last demand for voluntary payment."  This sentence also misstates the citation to the law and is inaccurate, as this definition is set forth in 15 U.S.C.  § 1692a(2), not § 169a(2) as erroneously set forth in Defendant's letter.

14

72.     This language implies, and would lead the least sophisticated consumer to believe, that Defendant was sending this letter pursuant to a required legal process.  It also conveys to the least sophisticated consumer that this letter represents Plaintiff's last opportunity for "voluntary payment" of the payment, and implies that if the consumer does not avail himself of this "last opportunity for voluntary payment", then Plaintiff will be subject to involuntary payment of the debt through legal process.

73.     This implication is furthered by Defendant's further statement two sentences later that "if this debt is not resolved soon, your creditor may determine to pursue recovery through legal avenues, as permitted by law".  This language conveys to the least sophisticated consumer that legal action is imminent if payment if the debt is not "resolved soon."

74.     In the very next sentence, Defendant states "We strongly suggest that is in your best interest, and that you will likely save yourself time and money, by paying in full, the amount shown above."  This language implies to the least sophisticated consumer that disputing the debt is futile and a waste of time, and that paying any amount less than what Defendant demands will result in the account being referred back to the original creditor for legal action.  This language also conveys that if the account is referred back to the original creditor for legal action, Plaintiff will "likely" owe more money than the amount stated in Defendant's letter.

75.     The only way that Plaintiff can "likely" owe more money than the amount demanded by Defendant in its letter is if the amount owed increases with the passage of time, which can only occur if Plaintiff owes interest or additional fees on the debt or is responsible for the original creditor's attorneys' fees if suit is filed against Plaintiff.  However, the original creditor is either entitled to recover interest/additional fees or attorneys' fees, or it is not.

76.     If the Account was not accruing interest or additional fees and Plaintiff is not responsible for the creditor's attorneys' fees, the statement set forth in the above paragraph that Plaintiff "will likely save" himself money by paying in full the amount demanded by Defendant - amounted to a false representation of the character, amount, or legal status of the Account and the compensation which may be lawfully received in connection with the collection of a debt, in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## COUNT V

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(5)

77.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 76.

78.    15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

…  (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

79.    Defendant's March 18, 2021 letter states "Pursuant to Federal Law (PL. 95-109 Subsection 803(2) United States 169A(2), this letter will represent our last demand for voluntary payment."

80.    This statement gratuitously and needlessly employs legal jargon in a non-sensical, confusing, misleading, inaccurate, and/or threatening manner to the least sophisticated consumer. This sentence purports to cite to the statutory definition of the term "communication" under the FDCPA, which states:  "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium."  Therefore, this sentence employs needless legal surplusage to convey that pursuant to the definition of "communication", Defendant is tendering its last communication, and its "last demand for voluntary payment."  This sentence also misstates the citation to the law and is inaccurate, as this  definition is set forth in 15 U.S.C. § 1692a(2), not § 169a(2) as erroneously set forth in Defendant's letter.

81.    This language implies, and would lead the least sophisticated consumer to  believe, that Defendant was sending this letter pursuant to a required legal process.  It also conveys to the least sophisticated consumer that this letter represents Plaintiff's last opportunity for "voluntary payment" of the payment, and implies that if the consumer does not avail himself of this "last

opportunity for voluntary payment", then Plaintiff will be subject to involuntary payment of the debt through legal process.

82.     This implication is furthered by Defendant's further statement two sentences later that "if this debt is not resolved soon, your creditor may determine to pursue recovery through legal avenues, as permitted by law".  This language conveys to the least sophisticated consumer that legal action is imminent if payment if the debt is not "resolved soon."

83.     In the very next sentence, Defendant states "We strongly suggest that is in your best interest, and that you will likely save yourself time and money, by paying in full, the amount shown above."  This language implies to the least sophisticated consumer that disputing the debt is futile and a waste of time, and that paying any amount less than what Defendant demands will result in the account being referred back to the original creditor for legal action.  This language also conveys that if the account is referred back to the original creditor for legal action, Plaintiff will "likely" owe more money than the amount stated in Defendant's letter.

84.     The only way that Plaintiff can "likely" owe more money than the amount demanded by Defendant in its letter is if the amount owed increases with the passage of time, which can only occur if Plaintiff owes interest or additional fees on the debt or is responsible for the original creditor's attorneys' fees if suit is filed against Plaintiff.  However, the original creditor is either entitled to recover interest/additional fees or attorneys' fees, or it is not.

85.     If The Account was actually accruing interest or additional fees and Plaintiff is responsible for the creditor's attorneys' fees, the statement set forth in the above paragraph that Plaintiff "will likely save" himself money by paying in full the amount demanded by Defendant - especially as a result of the use of the word "likely" as opposed to "will" - amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## COUNT VI

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(5)

86.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 85.

87.     15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

… (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

88.     Defendant's March 18, 2021 letter states "Pursuant to Federal Law (PL. 95-109 Subsection 803(2) United States 169A(2), this letter will represent our last demand for voluntary payment."

89.     This statement gratuitously and needlessly employs legal jargon in a non-sensical, confusing, misleading, inaccurate, and/or threatening manner to the least sophisticated consumer. This sentence purports to cite to the statutory definition of the term "communication" under the FDCPA, which states:  "The term 'communication' means the conveying of information  regarding a debt directly or indirectly to any person through any medium."  Therefore, this  sentence employs needless legal surplusage to convey that pursuant to the definition of  "communication", Defendant is tendering its last communication, and its "last demand for voluntary payment."  This sentence also misstates the citation to the law and is inaccurate, as this definition is set forth in 15 U.S.C. § 1692a(2), not § 169a(2) as erroneously set forth in Defendant's letter.

90.     This language implies, and would lead the least sophisticated consumer to believe, that Defendant was sending this letter pursuant to a required legal process.  It also  conveys to the least sophisticated consumer that this letter represents Plaintiff's last opportunity for "voluntary payment" of the payment, and implies that if the consumer does not avail himself of this "last opportunity for voluntary payment", then Plaintiff will be subject to involuntary payment of the debt through legal process.

91.     This implication is furthered by Defendant's further statement two sentences later that "if this debt is not resolved soon, your creditor may determine to pursue recovery through

legal avenues, as permitted by law". This language conveys to the least sophisticated consumer that legal action is imminent if payment if the debt is not "resolved soon."

92.     In the very next sentence, Defendant states "We strongly suggest that is in your best interest, and that you will likely save yourself time and money, by paying in full, the amount shown above." This language implies to to the least sophisticated consumer that disputing the debt is futile and a waste of time, and that paying any amount less than what Defendant demands will result in the account being referred back to the original creditor for legal action. This language also conveys that if the account is referred back to the original creditor for legal action, Plaintiff will "likely" owe more money than the amount stated in Defendant's letter.

93.     The only way that Plaintiff can "likely" owe more money than the amount demanded by Defendant in its letter is if the amount owed increases with the passage of time, which can only occur if Plaintiff owes interest or additional fees on the debt or is responsible for the original creditor's attorneys' fees if suit is filed against Plaintiff. However, the original creditor is either entitled to recover interest/additional fees or attorneys' fees, or it is not.

94.     If the Account was not accruing interest or additional fees and Plaintiff is not responsible for the creditor's attorneys' fees, the statement set forth in the above that Plaintiff "will likely save" himself money by paying in full the amount demanded by Defendant - amounted to a false representation of the character, amount, or legal status of the Account and the compensation which may be lawfully received in connection with the collection of a debt, in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## COUNT VII

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(10)

95.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 94.

96.     15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

… (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

97.  Defendant's March 18, 2021 letter states "Pursuant to Federal Law (PL. 95-109 Subsection 803(2) United States 169A(2), this letter will represent our last demand for voluntary payment."

98.  This statement gratuitously and needlessly employs legal jargon in a non-sensical, confusing, misleading, inaccurate, and/or threatening manner to the least sophisticated consumer. This sentence purports to cite to the statutory definition of the term "communication" under the FDCPA, which states: "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." Therefore, this sentence employs needless legal surplusage to convey that pursuant to the definition of "communication", Defendant is tendering its last communication, and its "last demand for voluntary payment." This sentence also misstates the citation to the law and is inaccurate, as this definition is set forth in 15 U.S.C. § 1692a(2), not § 169a(2) as erroneously set forth in Defendant's letter.

99.  This language implies, and would lead the least sophisticated consumer to believe, that Defendant was sending this letter pursuant to a required legal process. It also conveys to the least sophisticated consumer that this letter represents Plaintiff's last opportunity for "voluntary payment" of the payment, and implies that if the consumer does not avail himself of this "last opportunity for voluntary payment", then Plaintiff will be subject to involuntary payment of the debt through legal process.

100.  This implication is furthered by Defendant's further statement two sentences later that "if this debt is not resolved soon, your creditor may determine to pursue recovery through legal avenues, as permitted by law". This language conveys to the least sophisticated consumer that legal action is imminent if payment if the debt is not "resolved soon."

101.    In the very next sentence, Defendant states "We strongly suggest that is in your best interest, and that you will likely save yourself time and money, by paying in full, the amount shown above."  This language implies to to the least sophisticated consumer that disputing the debt is futile and a waste of time, and that paying any amount less than what Defendant demands will result in the account being referred back to the original creditor for legal action.  This language also conveys that if the account is referred back to the original creditor for legal action, Plaintiff will "likely" owe more money than the amount stated in Defendant's letter.

102.    The only way that Plaintiff can "likely" owe more money than the amount demanded by Defendant in its letter is if the amount owed increases with the passage of time, which can only occur if Plaintiff owes interest or additional fees on the debt or is responsible for the original creditor's attorneys' fees if suit is filed against Plaintiff.  However, the original creditor is either entitled to recover interest/additional fees or attorneys' fees, or it is not.

103.    If The Account was actually accruing interest or additional fees and/or attorney' fees, the statement set forth in the above paragraph that Plaintiff "will likely save" himself money by paying in full the amount demanded by Defendant - especially as a result of the use of the word "likely" as opposed to "will" - amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## **COUNT VIII**

## **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(10)**

104.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 103.

105.    15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

106.    Defendant's March 18, 2021 letter states "Pursuant to Federal Law (PL. 95-109

Subsection 803(2) United States 169A(2), this letter will represent our last demand for voluntary payment."

107.    This statement gratuitously and needlessly employs legal jargon in a non-sensical, confusing, misleading, inaccurate, and/or threatening manner to the least sophisticated consumer. This sentence purports to cite to the statutory definition of the term "communication" under the FDCPA, which states: "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." Therefore, this sentence employs needless legal surplusage to convey that pursuant to the definition of "communication", Defendant is tendering its last communication, and its "last demand for voluntary payment." This sentence also misstates the citation to the law and is inaccurate, as this definition is set forth in 15 U.S.C. § 1692a(2), not § 169a(2) as erroneously set forth in Defendant's letter.

108.    This language implies, and would lead the least sophisticated consumer to believe, that Defendant was sending this letter pursuant to a required legal process. It also conveys to the least sophisticated consumer that this letter represents Plaintiff's last opportunity for "voluntary payment" of the payment, and implies that if the consumer does not avail himself of this "last opportunity for voluntary payment", then Plaintiff will be subject to involuntary payment of the debt through legal process.

109.    This implication is furthered by Defendant's further statement two sentences later that "if this debt is not resolved soon, your creditor may determine to pursue recovery through legal avenues, as permitted by law". This language conveys to the least sophisticated consumer that legal action is imminent if payment if the debt is not "resolved soon."

110.    In the very next sentence, Defendant states "We strongly suggest that is in your best interest, and that you will likely save yourself time and money, by paying in full, the amount shown above." This language implies to to the least sophisticated consumer that disputing the debt is futile and a waste of time, and that paying any amount less than what Defendant demands will result in the account being referred back to the original creditor for legal action. This language

also conveys that if the account is referred back to the original creditor for legal action, Plaintiff will "likely" owe more money than the amount stated in Defendant's letter.

111.    The only way that Plaintiff can "likely" owe more money than the amount demanded by Defendant in its letter is if the amount owed increases with the passage of time, which can only occur if Plaintiff owes interest or additional fees on the debt or is responsible for the original creditor's attorneys' fees if suit is filed against Plaintiff.  However, the original creditor is either entitled to recover interest/additional fees or attorneys' fees, or it is not.

112.    If the Account was not accruing interest or additional fees and/or attorneys' fees, the statement set forth in the above paragraph set forth in the above paragraph that Plaintiff "will likely save" himself money by paying in full the amount demanded by Defendant - amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

a.  That this action be certified as a class action on behalf of The Class, Plaintiff be appointed as the representative of The Class, and that Plaintiff's Counsel be appointed as Class Counsel;

b.  For statutory damages up to $1,000.00 per named class member, and $500,00.00 or 1% of Defendant's net worth for the consumer class members, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;

c.  For statutory damages up to $500,00.00 or 1% of Defendant's net worth for the consumer class members, whichever is the lesser*;*

d.  For reasonable attorneys' fees and costs of suit; and

e.  For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Date:   July 20, 2021

COZMYK LAW

By:*/s/ Peter Cozmyk*

Peter Cozmyk (0078862)
Cozmyk Law Offices, LLC
6100 Oak Tree Blvd., Suite 200
Independence, OH 44131
pcozmyk@cozmyklaw.com
P: (877) 570-4440
F: (216) 485-2125

Attorneys for Plaintiff